IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In Re: CLEAR LAKE DEVELOPMENT, LLC            CHAPTER 11
                                                                                        NO.: 17-50392-EE

## APPLICATION TO SELL REAL
## PROPERTY FREE AND CLEAR OF LIENS
(20 Acres, § 10, South of Spring Lake Subdivision)

**COMES NOW, CLEAR LAKE DEVELOPMENT, LLC**, Debtor in the above styled and numbered Chapter 11 case, by and through undersigned counsel, and files this its Application to Sell Real Property Free and Clear of Liens, pursuant to 11 U.S.C. § 363 (the "**Application**"), and would respectfully show unto the Court as follows:

1. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 6, 2017, in the above styled and numbered cause.

2. This Court has jurisdiction pursuant to 11 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

3. At the time of the filing of the Petition the Debtor was the owner of a parcel of real property located in Stone County, Mississippi, consisting of 16 acres, (the "**Property**"), said Property being parts of Stone County Tax Parcel No. 092-10-001.005 and 092-10-001.013, and being described substantially as:[1]

> **Commencing at the Southwest corner of Lot 26, Spring Lake Subdivision, Phase 1, Stone County, Mississippi; thence South 69 degrees 44 minutes 05 seconds West along the South line of Spring Lake Subdivision, Phase 1, a distance of 31.62 feet to an iron rod; thence South 00 degrees 46 minutes 02 seconds East a distance of 902.42 feet to an iron rod and the Point of Beginning: thence North 77 degrees 20 minutes 38 seconds East a distance of 776.14 feet to a Point; thence South 55 degrees 12 minutes 02 seconds East a distance of 538.67 feet to a Point; thence South 13 degrees 50 minutes 58 seconds East a distance of 247.24 feet to a Point; thence South 29 degrees 32 minutes 30 seconds West a distance of 325.83 feet to a Point; thence South 19 degrees 57 minutes 53 seconds West a distance of 330.61 feet to a Point; thence North 56 degrees 20 minutes 03 seconds West a distance of 1225.87 feet to a Point; thence North 06 degrees 50 minutes 05 seconds East a distance of 294.16 feet to the Point of Beginning: containing 20.01 acres or 871479.19 square feet more or less.**
> **Legal Description: 60 ft. Ingress Egress Easement:**

---

[1] This is a preliminary description and may be subject to minor adjustments prior to closing.

> **Beginning at the Southeast corner of Lot 25, Spring Lake Subdivision, Phase 1, Stone County, Mississippi; thence North 01 degrees 46 minutes 45 seconds West a distance of 409.91 feet to a Point on the South margin of Clear Lake Drive; thence North 68 degrees 26 minutes 42 seconds East a distance of 63.76 feet along the South margin of Clear Lake Drive to a Point; thence South 01 degrees 46 minutes 45 seconds East a distance of 431.48 feet to a Point; thence South 00 degrees 46 minutes 02 seconds East a distance of 896.96 feet to a Point; thence South 06 degrees 50 minutes 05 seconds West a distance of 294.15 feet to a Point; thence North 83 degrees 09 minutes 55 seconds West a distance of 60.00 feet to a Point; thence North 06 degrees 50 minutes 05 seconds East a distance of 290.22 feet to a Point; thence North 00 degrees 46 minutes 02 seconds West a distance of 891.86 feet to the Point of Beginning:  containing 2.21 acres or 96432.18 square feet more or less.**

4. The Debtor has entered into a <u>Contract for the Sale and Purchase of Real Estate</u> (the "**Contract**") as to the Property, with **Rodney W. Renfroe and Trina L. Christopher-Renfroe,** for a sale price of $46,000.00. A copy of the Contract is attached hereto as **Exhibit "A"** and incorporated herein. Rodney W. Renfroe and Trina L. Christopher-Renfroe are good faith purchasers as contemplated by 11 U.S.C. § 363(m).

5. Whitney Bank d/b/a Hancock Bank ("**Hancock Bank**") holds a promissory note (the "**Note**") and first deed of trust (the "**Deed of Trust**") secured by the Property and other land. Said Note and Deed of Trust are dated November 17, 2015 and the Deed of Trust is recorded in land records of Stone County at Deed of Trust Book 393, Page 296.

6. The Debtor proposes to pay all of the net proceeds of the sale of the Property (as defined herein) to Hancock Bank to pay down the amount due on the Note.

7. Property taxes are due to Stone County for tax year 2015 in amount of approximately $165.00 which will be paid at or prior to closing[2].

8. Property taxes are due to Stone County for tax year 2016 in amount of approximately $121.65 which will be paid at closing[3].

9. Property taxes are projected to be due to Stone County for the tax year 2017 for the time prior to closing that the Property is owned by the Debtor during 2017, which are estimated

---

[2] A portion of the property taxes are expected to be paid prior to closing on the Property in other transactions for the sale of property.

[3] See Footnote No. 2.

to be in the approximate amount of $200.00[4].

    10. The Debtor has agreed that the following expenses, charges and fees should be paid from the proceeds of the sale if not paid prior to closing.

        a. Proration of the County *ad valorem* taxes for the current year of approximately $200.00, if not paid prior to closing.

        b. Payment of county *ad valorem* taxes for tax year 2016, in the amount of approximately $121.65, if not paid prior to closing.

        c. Payment or redemption of county *ad valorem* taxes for tax year 2015, in the amount of approximately $165.00, if not paid prior to closing.

        d. Estimated fees due to the U.S. Trustee as quarterly fees pursuant to 28 USC 1930 as a result of completion of this sale of $2,925.00, if not paid or withheld prior to closing[5]; with any excess not required for U. S. Trustee fees being paid to Hancock Bank in further paydown on the Note.

        e. Payment to Hancock Bank of 100% of the net proceeds of sale ("**Net Proceeds**"). Net Proceeds shall be defined, for the purpose of this <u>Application to Sell Real Property Free and Clear of Liens</u> to mean: the purchase price, less real estate commissions; ad valorem taxes paid by Seller; proration's, title curative costs required by the Contract, cost of survey, any title insurance premium and/or binders required to be paid by the Seller, and an estimated amount that will become due to the U.S. Trustee as quarterly fees pursuant to 28 USC 1930 as a result of completion of the sale.

        f. Real Estate commission to Joel L. Carter and J. Carter Real Estate, LLC, in amount of 6% of the sale price of $2,760.00. Joel L. Carter and J. Carter Real Estate have been employed by the Debtor as approved by the Court via Order entered on May 16, 2017 (Doc. 86).

        g. Paydown of the Note in amount of the Net Proceeds to Hancock Bank.

    11. Hancock Bank shall be required to execute a partial release of the Deed of Trust describing the Property upon receipt of the Net Proceeds as set out above.

    12. The sale contemplated by this Application should release the Property from all

---

[4] See Footnote No. 2.
[5] This amount is expected to be paid from the sale of other land referred to in Footnote No. 2.

existing liens and transfer such lien to the proceeds of sale.

**WHEREFORE**, Debtor prays that this Court will enter the Order authorizing the sale of the above stated real property by the Debtor to Jonathan Adams and Heidi Adams pursuant to the Contract, provided that payment is to be made in the following manner:

a. Proration of the County *ad valorem* taxes for the current year of approximately $200.00, if not paid prior to closing.

b. Payment of county *ad valorem* taxes for tax year 2016, in the amount of approximately $121.65, if not paid prior to closing.

c. Payment of county *ad valorem* taxes for tax year 2015, in the amount of approximately $165.00, if not paid prior to closing.

d. Reserve to the Debtor the sum of $2,925.00 to be applied to the quarterly fees that will become due to the U. S. Trustee pursuant to 28 USC 1930, as a result of this transaction, to be deposited in a separate account and to be used only to pay said U. S. Trustee fees absent further order of the Court, if not paid or withheld prior to closing, with any excess not required for U. S. Trustee fees being paid to Hancock Bank in further paydown on the Note.

e. Paydown of the Note in amount of the Net Proceeds to Hancock Bank.

The Debtor further prays that the Court authorize that the Property be sold free and clear of all liens; and enter an order that the Net Proceeds of sale be substituted as collateral for the Property (as defined above) pursuant to 11 U.S.C. § 363(f), and that the Property be conveyed free and clear of encumbrances, including but not limited to all taxes due to Stone County and the Deed of Trust to Hancock Bank.

The Debtor further prays that the Court make a finding that the purchaser is a good faith purchaser as contemplated by 11 U.S.C. §363(m).

The Debtor further prays that it be granted such other, further and general relief to which it may be entitled.

Respectfully submitted this the 21st day of June, 2017.

**CLEAR LAKE DEVELOPMENT, LLC.**, Debtor

          /s/ Patrick A. Sheehan
          Patrick A. Sheehan, Counsel for Debtor

## CERTIFICATE OF SERVICE

I, the undersigned PATRICK A. SHEEHAN, hereby certifies that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following: Christopher James Steiskal, Sr., United States Trustee, at christopher.j.steiskal@usdoj.gov and the United States Trustee at USTPRegion05.JA.ECF@usdoj.govs; I further certify that I have this day mailed, postage prepaid, a true and correct copy of the above Motion to the list of creditors attached hereto.

This the 21st day of June, 2017.

          /s/ Patrick A. Sheehan
          PATRICK A. SHEEHAN

Sheehan Law Firm, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax (228) 875-0895
MS Bar No. 6747